# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE SZEMENYEI and<br>CHRISTOPHER KALTENBOCK | ) <br> ) <br> ) | Case Number |
| Plaintiffs, | ) <br> ) | |
| vs. | ) <br> ) | CIVIL COMPLAINT |
| NATIONAL ENTERPRISE SYSTEMS,<br>INC. d/b/a NES | ) <br> ) | JURY TRIAL DEMANDED |
| Defendant. | ) <br> ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Diane Szemenyei and Christopher Kaltenbock, by and through their undersigned counsel, Bruce K. Warren, Esq. and Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully aver as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiffs, Diane Szemenyei and Christopher Kaltenbock (hereinafter "Plaintiffs"), individual consumers, bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and various other state laws, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Diane Szemenyei ("Plaintiff, Szemenyei") is an adult natural person residing at 3940 Washington Street, Bethlehem, PA 18020.

5. Plaintiff, Christopher Kaltenbock ("Plaintiff, Kaltenbock") is an adult natural person residing at 26 Arlington Drive, Imperial, PA 15126.

6. Defendant, National Enterprise Systems, Inc. d/b/a NES ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 29125 Solon Road, Solon, OH 44139.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about September 3, 2009, Defendant's agent, Gary Ross, called Plaintiff, Kaltenbock with regard to a consumer debt, namely a private school loan allegedly due and owing to National Collegiate Trust Primary.

9. Plaintiff, Kaltenbock spoke with Defendant's agent several times after the initial call with regard to making payment arrangements.

10. On or about September 14, 2009, Defendant's unknown female agent contacted Plaintiff, Szemenyei with regard to the same. Ms. Szemenyei had co-signed the loan for Plaintiff, Kaltenbock.

11. During the conversation that ensued, Defendant's agent indicated to Plaintiff, Szemenyei that Defendant would get a lien on anything that Plaintiff owned.

12. Additionally, Defendant's female agent informed Plaintiff, Szemenyei that she had all of Ms. Szemenyei's credit information and demanded that Plaintiff, Szemenyei use an existing credit card to pay the alleged debt.

13. Plaintiff, Szemenyei refused and Defendant's female agent demanded Plaintiff, Kaltenbock's contact information.

14. Plaintiff, Szemenyei again refused to which Defendant's agent replied, "Let me get this straight. This kid screws you out of $35,000.00 and you won't give up his personal information. I'm a little confused. You'll have to explain that one to me."

15. Defendant's female agent then indicated that Defendant had already contacted Plaintiff, Kaltenbock numerous times and that he had told them to "do what you gotta do".

16. Plaintiff, Kaltenbock avers that he has never made that statement.

17. Defendant's agent, Gary Ross, has also contacted Plaintiff, Szemenyei on several occasions.

18. On or about September 23, 2009, Defendant's agent, Gary Ross, again called Plaintiff, Kaltenbock. Mr. Kaltenbock again attempted to make some type of payment arrangement that he could afford.

19. Plaintiff, Kaltenbock was hesitant to give Defendant his bank account information over the telephone without something in writing detailing the arrangement. Defendant's agents, Gary Ross and Dana, hedged.

20. Plaintiff, Kaltenbock did not give Defendant his bank account information.

21. Defendant's agent, Gary Ross, contacted Plaintiff, Szemenyei less than one (1) hour later on September 23, 2009 and began to yell at Ms. Szemenyei.

22. Shocked and extremely upset, Plaintiff, Szemenyei asked Defendant's agent, Gary Ross, "Are you yelling at me?" to which Defendant's agent, Gary Ross, said, "I'm just so frustrated."

23. Defendant's agent, Gary Ross, then told Plaintiff, Szemenyei that she needed to get on the phone and call Plaintiff, Kaltenbock immediately.

24. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

25. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it could not legally take or did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

29. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## **COUNT ONE – FDCPA.**

30. The above paragraphs are hereby incorporated herein by reference.

31. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    a.    d  Defendant's agents conducted themselves in a manner which was harassing, oppressive, or abusive to Plaintiffs;

    b.    d(2)  Defendant's agents used language that was abusive to Plaintiff;

    c.    e  Defendant's agents made false, deceptive and misleading representations to Plaintiffs in the course of attempting to collect the alleged debt;

    d.    e(2)  Defendant's agents mislead the Plaintiffs as to the legal status of the alleged debt;

    e.    e(5)  Defendant's agents threatened Plaintiffs with action that was not intended to be taken;

    f.    e(7)  Defendant's agents implied that Plaintiffs had committed conduct that disgraced themselves;

    g.    e(10)  Defendant's agents used false representations or deceptive means to attempt to collect the alleged debt from Plaintiffs;

    h.    f  Defendant's agents used unfair and unconscionable means to attempt to collect the alleged debt from Plaintiffs;

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Defendant, National Enterprise Systems, Inc. d/b/a NES and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT TWO – PA FCEUA

33. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

34. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("PA FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("PA UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

35. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

36. The PA FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

37. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

38. Violations of the FDCPA is a <u>per se</u> violation of the PA FCEUA and the PA UTPCPL.

39. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

40. By virtue of the violations of the law as aforesaid, and pursuant to the PA FCEUA and PA UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

### **COUNT THREE – PA UTPCPL**

41. The foregoing paragraphs are incorporated herein by reference.

42. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

43. The PA UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

44. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the PA UTPCPL, by way of the following, <u>inter alia</u>:

    a. Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c. Defendant failed to comply with the FDCPA and PA FCEUA which are <u>per se</u> violations of the PA UTPCPL.

45. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

46. By virtue of the violations of law aforesaid and pursuant to the PA UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. An Order declaring that Defendant violated the PA UTPCPL;

    b. Actual damages;

    c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: January 15, 2010       BY: **/s/Bruce K. Warren**
                             BY: **/s/ Brent F. Vullings**
                             Bruce K. Warren, Esquire
                             Brent F. Vullings, Esquire
                             Warren & Vullings, LLP
                             1603 Rhawn Street
                             Philadelphia, PA  19111
                             215-745-9800   Fax 215-745-7880
                             Attorney for Plaintiff